PeabsoN, J.
 

 The pleadings are loosely drawn, owing, we presume, in some measure, to the fact that it is a friendly suit; the main object being to obtain the opinion of the Court in regard to the conflicting rights of the creditors of Mrs. Mills and of the children who claim under the will of their father. The creditors of Mrs. Mills are properly represented by the defendant, Huffy, who is her administrator ; but in any view which can be taken of the case, the four children of the tes
 
 *509
 
 tator are necessary parties; tbey have a direct interest in the construction of the will, and the other questions presented, and should be parties, so as to enable them to take the benefit of, or be bound by our decree.
 

 The bill does not charge expressly that Mrs. Mills assented to the legacy given to herself and the children; but, from the facts stated, an assent will necessarily be implied; consequently, the legal title was not vested in her, as the executrix of her husband, at the time of her death, but had passed to her and the children, subject to certain powers and trusts created by the will, for the benefit of herself and the children; so that, when the plaintiff was appointed “ administrator with the will annexed,
 
 de bonis non
 
 admiinisi/ratis,” there was nothing which had not been administered; and of course he did not acquire any title or interest of any sort in the slaves which are the subject of controversy.
 

 In this view of the case the bill must be dismissed; because the plaintiff is a mere volunteer, having no concern in the questions which he sees proper to present to the Court.
 

 But suppose Mrs. Milis had not assented to the legacy to herself and the children; then the legal title would be in the plaintiff, as administrator
 
 de bonis
 
 non; and if the defendant or any body else, interfered with his rights, and prevented his talcing possession of the property, he has his remedy at law, and there is no
 
 eqmtahle ingredient
 
 involved in the question. Nor has he, as administrator
 
 de bonis non,
 
 any sort of interest as to the manner in which firings may be done between the creditors of Mrs. Mills and the children. According to his own showing, he has not the possession of the property, and cannot, therefore, maintain a bill of interplea-der, or a bill in the nature of a bill of interpleader; and supposing he could do so, the children of the testator are the parties principally concerned, and should be parties to any proceeding in which an opinion of this Court is declared, affecting their rights.
 

 Per Curiak. Bill dismissed.